**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Arthur JEREMIAH, Defendant—**
**Appellant.**

**No. 07–10365.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 2008.

Filed June 2, 2008.

USH—Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Richard S. Kawana, Esq., Honolulu, HI, for Defendant–Appellant.

Before: O'SCANNLAIN, HAWKINS, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Arthur Jeremiah ("Jeremiah") appeals his conviction and sentence for violations of conditions of supervised release, arguing insufficiency of the evidence to sustain the revocation, abuse of discretion in requiring him to submit to drug testing and search conditions, plain error in failing to state specific reasons for his above-Guidelines sentence, and that his sentence was unreasonable.[1] We affirm.

■ Jeremiah's argument that his failure to make full payments was due to "a series of miscalculations by the probation officer, who was instructing [him] on what to do" and that the probation officer should have given Jeremiah's employers more specific instructions on the probation

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Jeremiah also argues that procedural errors substantially prejudiced him, but these claims clearly fail. First, Jeremiah claims that the court's denial of a continuance hearing to obtain testimony from JanGuard deprived him of a fair hearing. This testimony would not have altered anything that the district court considered in issuing its sentence. Jeremiah wanted to show that "Robert" from JanGuard provided Probation Officer Lee with information about Jeremiah's September wages in late November, since Lee testified that he never received that information from Robert. However, this testimony would not change the fact that Jeremiah himself did not submit the pay stubs or include this information in his September monthly report. Second, Jeremiah claims the probation office exceeded its authority by allowing Jeremiah to authorize a one time deduction of $275 to bring his restitution current. This was not an additional deduction beyond that authorized by the court, but rather a method, endorsed by defendant, of addressing arrears. Third, Jeremiah argues that the court lacked jurisdiction to conduct the hearing because the arrest warrant was not supported by sworn facts. This argument was rejected in Jeremiah's first appeal. *United States v. Jeremiah*, 493 F.3d 1042, 1045 (9th Cir.2007) (explaining the narrow exception to the general rule that illegal arrest does not void a subsequent conviction only applies to defendants whose term of supervised release has expired) (citing *United States v. Vargas–Amaya*, 389 F.3d 901, 903 (9th Cir.2004)).

office's deduction policy, fails because the district court accepted Probation Officer Carter Lee's ("Lee") testimony that Jeremiah intentionally underreported his income in his September report and failed to make full restitution payments as a result. We cannot conclude that this factual finding is clear error. *See United States v. Lomayaoma,* 86 F.3d 142, 146 (9th Cir.), *cert. denied,* 519 U.S. 909, 117 S.Ct. 272, 136 L.Ed.2d 196 (1996) (factual findings at the sentencing stage are reviewed for clear error). Reviewing for abuse of discretion, *United States v. Verduzco,* 330 F.3d 1182, 1184 (9th Cir.2003), we conclude that these findings are sufficient to support the revocation of Jeremiah's supervised release for willfully failing to pay restitution.[2]

■ There is also sufficient evidence to support the remaining claims. There is no dispute that Jeremiah failed to provide some of his pay stubs, which is sufficient to support the claim of failure to provide requested financial information. With respect to the untruthful reporting claim, Lee testified that Jeremiah admitted he was untruthful when he failed to report that he worked for JanGuard in September, which is a sufficient basis to conclude he was untruthful in this report. With respect to the tax exemption claim, it is undisputed that Jeremiah did not, in fact, timely alter his tax exemption forms as instructed. That this failure may have had no "untoward effect," as Jeremiah argues, is not relevant.

■ Because a district court enjoys significant discretion in crafting terms of supervised release, including the authority to impose restrictions that infringe on fundamental rights, *United States v. Weber,* 451

F.3d 552, 557 (9th Cir.2006) (citations omitted), and 18 U.S.C. § 3583(d) requires drug testing as a condition of supervised release,[3] we have upheld the imposition of drug conditions even where the convictions were not drug related and where there was no evidence that the defendant had abused drugs. *See United States v. Jackson,* 189 F.3d 820, 825 (9th Cir.1999). Although eight drug tests per month might be considered excessive if mandatory, this condition only *permits* the Probation Office to request that number of tests. We rely heavily on the fact that the record suggests that Jeremiah will not be required to submit to more than the two required drug tests; indeed, during his previous term of supervised release Jeremiah was required to submit to testing only twice.

Jeremiah's challenge to the search condition fails. Because he was convicted of a crime involving dishonesty and the search permitted here may only be conducted at reasonable hours and upon reasonable suspicion, the district court did not abuse its discretion in imposing this condition. *Compare United States v. Betts,* 511 F.3d 872, 876 (9th Cir.2007) (defendant required to submit to searches by parole and law enforcement officers "at any time of the day or night by any law enforcement officer, with or without a warrant").

■ The district court did not plainly err in imposing a twelve month term of imprisonment, although the guideline range was three to six months. When a court imposes a revocation sentence outside of the advisory range, it must give specific reasons for doing so; the reasoning must be specific enough to allow for

---

**2.** There may be insufficient evidence that Jeremiah willfully failed to pay restitution in October, November, and February, but Jeremiah was only charged with one claim of willful failure to pay, and the September instance is sufficient to support it.

**3.** Although the court *may* choose to suspend drug testing conditions "if the defendant's presentence report or other reliable sentencing information indicates a low risk of future substance abuse," 18 U.S.C. § 3563(a), it is not required to do so.

meaningful review. *United States v. Miqbel,* 444 F.3d 1173, 1176, 1178 (9th Cir.2006); 18 U.S.C. § 3553(c)(2). Because Jeremiah did not object to the failure to provide reasons for departing, we review this claim for plain error, i.e., an error prejudicing the substantial rights of a defendant by affecting the outcome of the proceedings. *United States v. Fuchs,* 218 F.3d 957, 962 (9th Cir.2000) (*quoting* ·*United States v. Baron,* 94 F.3d 1312, 1318 (9th Cir.1996)).

It is sufficiently clear from the sentencing colloquy that the reason for the departure was that the court felt Jeremiah was dishonest and caused Lee trouble while on supervised release. The court chose to increase the term of incarceration instead of imposing a longer term of supervised release. Although these statements might not provide the level of specificity to survive review under an abuse of discretion standard, the claim survives plain error review because the defendant cannot show prejudice. *Id.* at 962.

■ The district court's sentencing comments suggest that Jeremiah's enhanced sentence is due to a "breach of trust," concluding that Jeremiah had failed to engage in "honest reporting" and "thwarted" Lee's efforts to calculate his restitution payments. The sentence imposed was not unreasonable. *See Miqbel,* 444 F.3d at 1182 (courts may sanction a defendant for "breach of trust").

**AFFIRMED.**